IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOUTHERN POLYMER, INC.,

      Plaintiff,                        15cv1696

                                        **ELECTRONICALLY FILED**

         v.

MASTER EXTRUSION, LLC,

      Defendant.

## MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 25)

**I. Introduction**

This is a breach of contract/declaratory judgment action. The parties' dispute centers on the performance of a series of transactions between Plaintiff Southern Polymer and Defendant Master Extrusion from April of 2015, through August of 2015, regarding the sale of what Southern Polymer represented was TR-130 resin. Doc. No. 23. This dispute was filed before this Court on the basis of diversity grounds under 28 U.S.C. § 1332(a)(1), and an alleged forum selection clause. Pending before this Court is Defendant's Motion to Dismiss this Action for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and Improper Venue under Rule 12(b)(3), or, in the Alternative, to Transfer this Action for the Convenience of the Parties and the Witnesses pursuant to 28 U.S.C. § 1404(a). Doc. No. 25.

Defendant's Motion to Dismiss is limited to the questions of jurisdiction and venue. Doc. No. 25. Therefore, the factual background and discussion will only address facts relevant to this

Court's jurisdictional authority over Defendant Master Extrusion and the issues of venue related to this Court in the instant dispute.

After careful consideration of the Motion to Dismiss (Doc. No. 25) and Brief in Support (Doc. No. 26) and Plaintiff's Response thereto (Doc. No. 32), and for the reasons that follow, Defendant's Motion to Dismiss (Doc. No. 25) will be GRANTED.

## II. Factual Background

When reviewing a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), the Court accepts all factual allegations in the Amended Complaint to be true and draws all reasonable inferences in favor of Plaintiff. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). *5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1352, at 324 (3d ed. 2004). ("Practice on a motion under Rule 12(b)(3)is relatively straight-forward. All well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits.") (internal footnotes omitted). Taking Plaintiff's factual allegations and the parties' submissions to be true solely for the purposes of this Memorandum Opinion, the facts of this case are as follows:

Defendant Master Extrusion is a fully functioning polyethylene film operation that services clients' need for blown film, including collation shrink film. Doc. No. 23, *Amended Complaint* at ¶ 18. Master Extrusion is an Alabama corporation with no connections with Pennsylvania. Master Extrusion maintains its registered office and principal place of business in Albertville, Alabama. Master Extrusion is not, nor has it ever been, a resident of the Commonwealth of Pennsylvania. Master Extrusion has never conducted any business in Pennsylvania, and does not have any officers, or employees in Pennsylvania.

Southern Polymer is a Georgia Corporation. The Amended Complaint, however, adds allegations that Southern Polymer's parent holding company (Audia International, Inc.) is a Pennsylvania company based in Washington County, Pennsylvania, and that Southern Polymer conducts meetings of its Board of Directors in Washington County. *Id.* at ¶ 5-6. Other than the alleged forum selection clause, this is the only possible connection to Pennsylvania, and it is a connection *Plaintiff* maintains in this Commonwealth.[1]

In the Amended Complaint, Southern Polymer references six invoices which relate to a series of transactions between the parties. Each of the transactions originated with a Purchase Requisition from Master Extrusion in Alabama, which was agreed to by Southern Polymer in Georgia. Southern Polymer attached to its Original Complaint and Amended Complaint only copies of the Invoices and Order Confirmations, but did not attach the Purchase Requisitions, Purchase Order, Order Acknowledgment and Waybills for each sale. See Doc. Nos. 1 and 23.

The first of the transactions was negotiated on April 8, 2015, when the parties exchanged a series of text messages regarding the sale of a lot of what Southern Polymer represented was Tr-130 resin. In these messages, Southern Polymer stated that it had "Tr-130" resin for sale and proposed a price. While Southern Polymer claims that the text messages exchanged between Seth Stewart (of Southern Polymer), and Bob Chambliss (of Master Extrusion), on April 13th and 14th, 2015, demonstrate that there was no "deal" or "contract" between the parties until much later in the process, Master Extrusion argues that these messages establish that the parties reached an agreement on material terms and that Southern Polymer asked Master Extrusion to *confirm* the agreement by submitting a Purchase Order. Southern Polymer contends that the Order Confirmation (sent days later by Southern Polymer) was, in fact, a counteroffer by

---

[1] In its responsive brief, Southern Polymer attaches documents showing it is now registered to do business in Pennsylvania, effective March 9, 2016. Doc. No. 32-1.

Southern Polymer to Master Extrusion. None of the negotiations leading up to the Purchase Order or the Order Confirmation included a choice of law, forum, venue or limitation of remedies provision.

Instead, Southern Polymer sent Master Extrusion invoices regarding the transaction, which added terms and conditions that were not agreed upon by the parties, nor were they discussed. However, Southern Polymer contends that these terms and conditions form the basis for this Court's jurisdiction and also purport to limit liability.

According to Master Extrusion, these terms were provided to Master Extrusion only after the contract had been formed via verbal conversations and text messages wherein a price and quantity were agreed upon. After the parties agreed to price and quantity, Master Extrusion confirmed the terms of the parties' agreement by submitting a Purchase Order containing the terms agreed to by the parties. Shortly thereafter, Southern Polymer then sent an Order Acknowledgement. Then, approximately one to five days later, Southern Polymer sent an Order Confirmation, to which Master Extrusion never specifically assented, which contained a "Terms and Conditions of Sales" Section, in which Paragraph 13 states as follows: "Governing Law and Venue" - - "All Orders will be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania, and the parties hereto agree and consent to the exclusive jurisdiction of the state and federal courts in Pennsylvania." Doc. No. 23-3.[2] The enforceability of this clause is directly relevant to the present Motion to Dismiss.

---

[2] Although there appears to be no real dispute that the Terms and Conditions of Sale was attached to the Order Confirmation, the Court notes that the Order Confirmation is a two page document (see bottom of "Page ½") however, the second page wherein the Terms and Conditions of Sale were attached does not include a page number at the bottom. Doc. No. 23-3.

### III. Standard of Review

#### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." *Deutz AG*, 270 F.3d at 150. Plaintiff must demonstrate by a preponderance of the evidence that personal jurisdiction exists. *Heinrich v. Serv. Corp. Int'l*, 2009 WL 2177229 at *1 (W.D. pa. July 22, 2009).

"[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). Plaintiff need only to establish a *prima facie* case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A resolution of factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

### B. Rule 12(b)(3)

"Motions to dismiss for . . . improper venue generally require the court to accept as true the allegations of the pleadings." *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing *Pinker*, 292 F.3d at 368; *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)). However, "parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." *Heft*, 355 F. Supp. 2d at 762 (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n. 1 (3d Cir. 1992); *Myers*, 695 F.2d at 724).

"[A] motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense." *Myers*, 695 F.2d at 724. "Because of the nature of the motion, 'it is not necessary [as contrasted with jurisdiction] for the plaintiff to include allegations showing the venue to be proper.'" *Id*. (quoting Fed.R.Civ.P. Form 2, Advisory Committee note 3). Due to the "affirmative defense" nature of a 12(b)(3) Motion to Dismiss, the movant bears the burden of proof to establish that venue is improper. *Id.* (citing *United Rubber, Cork, Linoleum & Plastic Workers v. Lee Rubber & Tire Corp.*, 269 F.Supp. 708, 715 (D. N.J. 1967), *aff'd,* 394 F.2d 362 (3d Cir. 1968), *cert. denied*, 393 U.S. 835 (1968)).

### IV. Discussion

In its Motion to Dismiss for lack of personal jurisdiction, Defendant argues that there is no general jurisdiction over Defendant because it conducts no business and maintains no contacts with Pennsylvania, which is necessary to make out a *prima facie* case for this Court's exercise of *in personam* jurisdiction. Defendant further argues that specific jurisdiction does not exist over it because it has not purposefully availed itself of activities within the forum, and the litigation

does not "arise out of or relate to" at least one of those activities.  Additionally, it argues that the exercise of jurisdiction does not comport with "fair play and substantial justice."

Moreover, Defendant contends that the lack of general or specific contacts with Pennsylvania renders venue in this Court improper.  Plaintiff counters in its Brief that Defendant purposefully availed itself of jurisdiction in Pennsylvania on the basis of the alleged forum selection clause, and this Court's exercise of jurisdiction comports with due process and remains a proper venue.

### A. *Defendant Is Not Subject to the Forum Selection Clause*

Contract formation in this dispute consisted of the parties agreeing via text message and orally for Southern Polymer to sell product to Master Extrusion at a certain price and quantity. Master Extrusion accepted the offer with a Purchase Order which mirrored the text-message and oral-agreement on all essential terms, including the items sought, price, quantity, and delivery. See Doc. No. 23.  Southern Polymer then *confirmed* the Order via an Order Acknowledgement, which referenced, but did not include the "Terms and Conditions of Sale."   Days later, Southern Polymer sent an Order Confirmation, which contained the "Terms and Conditions of Sale," containing a forum selection clause naming Pennsylvania state and federal courts as having jurisdiction over any dispute arising out of the agreement.   Southern Polymer now attempts to cast this Order Confirmation as a "counteroffer," and not an "acceptance."  However, it is important to note that Master Extrusion never expressly assented to the additional terms contained in the "Terms and Conditions of Sale" and merely began performance of the contract.

Under 13 Pa. C.S. § 2207 (which mirrors the language of Section 2-207 of the Uniform Commercial Code), the additional terms contained in the Terms and Conditions of the Order Confirmation, including the forum selection clause, do not become part of the contract if they

materially alter the agreement. *TRE Services, Inc. v. U.S. Bellows*, 2012 WL 2872830 (W.D. Pa. July 12, 2012). Forum Selection Clauses are material terms to a contract and therefore require express assent to become binding. *See CECG, Inc. v. Magic Software Enterprises, Inc.*, 51 F. App'x 359, 364 (3d Cir. 2002). Section 2207 "establishes a legal rule that proceeding with a contract after receiving a writing that purports to define the terms of the party's contract is not sufficient to establish the party's consent to the terms of the writing to the extent that the terms of the writing either add to, or differ from, the terms detailed in the parties' earlier writings or discussions." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 939 F.2d 91, 99 (3d Cir. 1991). "In the absence of a party's express assent to the additional or different terms of the writing, section 2-207 provides a default rule that the parties intended, as the terms of their agreement, those terms to which both parties have agreed, along with any terms implied by the provisions of the UCC." *Id.*

The Court does not find that Master Extrusion *expressly* agreed to the Terms and Conditions of Sale, but merely that Master Extrusion continued performance with constructive knowledge that Southern Polymer's Order Confirmation included a Forum Selection Clause. The United States Court of Appeals for the Third Circuit has foreclosed Plaintiff's contention that performance is acceptance of the additional terms with its decision in *Step-Saver. Id.; see also Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1108 (3d Cir. 1992). Therefore, the Forum Selection Clause is not binding on Master Extrusion.

### B. *Plaintiff Has Not Established a Prima Facie Case For Personal Jurisdiction.*

Pennsylvania's long arm statute permits the courts of Pennsylvania to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the Due Process Clause of the Fourteenth Amendment. *Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208, 211 (3d

Cir. 1984); *see* 42 Pa. C.S.A. § 5322. "Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker*, 292 F.3d at 368).

It is undisputed that Defendant transacts no business with citizens of this state. The United States Court of Appeals for the Third Circuit has determined that Courts must consider a three-part inquiry when deciding if specific personal jurisdiction exists:

> First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414; *O'Connor*, 496 F.3d at 317. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

*D'Jamoos v. Pilatus Aircraft*, 566 F.3d 94, 102 (3d Cir. 2009).

Simply put, there are not sufficient contacts with this forum to make out a *prima facie* case for jurisdiction as the sole basis for an alleged jurisdictional claim within this forum is based upon an invalid forum selection clause. Additionally, according to the affidavit of Reuben Rice Fryer, III, who has been the General Manager of Master Extrusion since 2012, Defendant has no business presence in Pennsylvania, does not maintain any bank accounts in Pennsylvania, does not sell goods or services in Pennsylvania, has no specifically directed advertising in Pennsylvania, and does not have a distributor or agent in Pennsylvania. There is not one allegation that would lead this Court to believe that Defendant purposefully directed its activities in this forum, or that the litigation "arises out of or relates" to those activities. The fact that certain of the executives of *Plaintiff* maintained a corporate office in this Commonwealth due to the connection with a parent corporation, which is an unnamed party and bears no connection to

this lawsuit, does not constitute purposeful direction of activities in this forum by *Defendant*, nor does the litigation at hand have any connection to this forum. Although the Court need not consider the third factor, the Court further notes that exercise of jurisdiction over this case would not comport with notions of fair play and substantial justice. Consequently, this Court could not exercise *in personam* jurisdiction over Defendant without upsetting notions of fair play and substantial justice.

### C. Venue Is Not Appropriate in This Court[3]

"Venue" refers to locality, the place where a lawsuit should be heard. The key to venue is that it "is primarily a matter of choosing a convenient forum." *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979). Venue in a diversity action is determined by 28 U.S.C. § 1391, which states, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant does not reside in the Western District of Pennsylvania, therefore, the issue is whether a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated," in the Western District of Pennsylvania. The United States Court of Appeals for the Third Circuit has held that "in determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, '[t]he test . . . is not the defendant's contacts with a particular district, but rather the location of those events or

---

[3] Having resolved the Motion to Dismiss on *in personam* jurisdiction in favor of Defendant, the Court is not required to address the issue of venue, but in any event, also finds that venue in the Western District of Pennsylvania is improper.

omissions giving rise to the claim.'" *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).

Additionally, the Court in *Cottman* noted that § 1391 "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial." 36 F.3d at 294. "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

Defendant in this case has met its burden of showing that venue is not proper in the Western District of Pennsylvania.

## V. Conclusion

In sum, after the filing of the Original and Amended Complaint, Plaintiff has not pled sufficient facts to establish this Court's personal jurisdiction over Defendant and venue is improper in this forum.

Therefore, Defendant's 12(b)(2) and 12(b)(3) Motion to Dismiss (Doc. No. 25) will be **GRANTED**.

An appropriate Order follows.

s/Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties